**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**EDWIN ALEXANDER CHACON MENDEZ,**

**Petitioner,**

**v.** **Case No. 2:26cv817**

**UNKNOWN,**

**Respondent.**

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241. ECF No. 1. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. ECF No. 3. For the reasons explained below, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Edwin Alexander Chacon Mendez, proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("the Norfolk Petition"). ECF No. 1. The Norfolk Petition challenges Petitioner's mandatory detention, and requests that he be immediately released and be given a bond hearing before an Immigration Judge. *Id.* at 2, 8.

It was received by the Clerk's Office in the Alexandria division on July 20, 2026, and filed in Norfolk division on August 4, 2026. On August 7, 2026, the undersigned issued an Order requiring the Respondent to file an answer to the Norfolk Petition within seven days. ECF No. 4. On the date that the Respondent was required to file an answer, Attorney Hale Hawbecker entered a Notice of Appearance on behalf of Petitioner. ECF No. 5. Attached to his Notice of Appearance,

Attorney Hawbecker filed a document titled "Stipulation of Voluntary Dismissal Without Prejudice." ECF No. 5, attach. 1. Therein, Attorney Hawbecker stated that Petitioner stipulated and agreed that this action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *Id.* Respondent did not file a notice of appearance or an answer to the Norfolk Petition in accordance with the August 7 Service Order.

Confused by the fact that the purported Stipulation of Voluntary Dismissal was attached to a Notice of Appearance, the Court issued an Order on August 25, 2026. ECF No. 6. That Order required Petitioner to do two things within five days: (1) file a submission stating whether he intended to dismiss the Norfolk Petition, and whether the Court should vacate its August 7, 2026 Order to the extent that it prohibited transferring Petitioner from this district; and (2) if he intended to dismiss this action, to refile the Stipulation of Voluntary Dismissal as a separate docket entry. *Id.* Counsel for Petitioner did neither.

Because counsel for Petitioner did not file a response, the undersigned scheduled a Zoom status conference for September 15, 2026. On September 14, 2026, the day before the status conference, Attorney Hawbecker emailed a "pre-conference summary" to the undersigned's courtroom deputy and counsel for Respondent. The "pre-conference summary" referenced a petition for a writ of habeas corpus in the Alexandria division of this Court, Case Number 1:26cv2422 ("the Alexandria Petition"). The undersigned was not aware that Petitioner had a second petition in the Alexandria division. The Alexandria Petition was filed by Attorney Hawbecker in Alexandria on August 5, 2026—just one day after the Clerk's Office docketed the Norfolk Petition. *See Chacon Mendez v. Farmville Detention Center, et al.*, Case Number 1:26cv2422, ECF No. 1 (E.D. Va. Aug. 5, 2026). Like the Norfolk Petition, the Alexandria Petition challenges Petitioner's mandatory detention, and requests that he be immediately released

and be given a bond hearing before an Immigration Judge. *Id.*, ECF No. 1 at 2, 6–7. The Alexandria Petition is fully briefed. *Id.*, ECF Nos. 3–4.

Also on September 14, 2026, Attorney Hawbecker filed a Motion for Leave to File a response to the Court's August 25, 2026 Order. ECF No. 7. His purported response to the Order states that he did *not* seek voluntary dismissal of the instant Petition, and he requested that the Court adjudicate the Norfolk Petition. ECF No. 8. Thirty-four minutes before the status conference was scheduled to start, counsel for Respondent filed a purported response to the August 7 Service Order. ECF No. 10. Respondent's response stated that on August 13, 2026, the Respondent filed a response to the Alexandria Petition, and that response should either be incorporated as their response to the Norfolk Petition, or the Norfolk Petition should be dismissed as duplicative. *Id.* Counsel for Respondent represented that she was under the impression that counsel for Petitioner intended to withdraw the Norfolk Petition to pursue the Alexandria Petition.

At the status conference held on September 15, 2026, Attorney Hawbecker explained that he was unaware of the Norfolk Petition at the time he filed the Alexandria Petition. He also acknowledged that he intended to file the Stipulation of Voluntary Dismissal of the Norfolk Petition at the time he filed it, but now requests this Court *not* dismiss the Norfolk Petition and order briefing from Respondent. Attorney Hawbecker proffered that he intended to raise certain arguments to support the Norfolk Petition that he could not raise at the time in the Alexandria Petition. Counsel for Respondent indicated that she and Attorney Hawbecker communicated through email and the phone, and it was her understanding that Attorney Hawbecker was going to dismiss the Norfolk Petition. She represented that the issues in the two petitions raised substantially the same issue, and Attorney Hawbecker did not dispute that representation.

## II. DISCUSSION

Generally, federal courts should avoid duplicative litigation. *D.C. v. Fairfax Cty. Sch. Bd.*, 171 F.4th 255, 265 (4th Cir. 2026) (quoting *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 206 (4th Cir. 2006)). Thus, the court may dismiss a suit "that is duplicative of another federal court suit as part of its general power to administer its docket." *Id.* (citing *Great Am. Ins. Co.*, 468 F.3d at 207 n. 6) (internal quotations omitted). A duplicative suit should be dismissed if "the parties, issues, and available relief do not significantly differ between the two actions." *Id.* (quoting *Robertson v. Apker*, 700 F. App'x 301, 302 (4th Cir. 2017) (per curiam)).

Here, the Norfolk Petition is duplicative of the Alexandria Petition. The parties, issues, and available relief are substantially the same. Both petitions challenge whether Petitioner is subject to mandatory detention, and both petitions seek Petitioner's immediate release and request that he be given a bond hearing before an Immigration Judge. Although the Alexandria Petition was filed one day after the Norfolk Petition was docketed, the Alexandria Petition has been fully briefed and pending before the Court for a longer period of time. Accordingly, the Court **FINDS** it is appropriate to dismiss the Norfolk Petition without prejudice.

## III. RECOMMENDATION

For the reasons explained above, the Court **RECOMMENDS** that the Norfolk Petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**. The Court also recommends vacating the August 7, 2026 Order to the extent it prevents Petitioner from being removed or transferred from this District.[1]

[1] Judge Alston in Alexandria issued the same no-transfer order, which remains active. *See Chacon Mendez v. Farmville Det. Center, et al.*, *Case* Number 1:26cv2422, ECF No. 3 (E.D. Va. Aug. 7, 2026).

## IV. OUTSTANDING MOTION

Also pending before the Court is Petitioner's Motion for Leave to File a response to the Court's August 25, 2026 Order. ECF No. 7. Because the undersigned recommends dismissal of the Norfolk Petition as duplicative of the Alexandria Petition, the Motion for Leave to File, ECF No. 7, is **DISMISSED as MOOT**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

/s/

Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 17, 2026